UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT BINNER,<br>           Plaintiff<br><br>v.<br><br>STEWART TRANSFER, LTD.<br>and SARVAN SINGH,<br>           Defendants | CIVIL ACTION NO:<br><br><br>JURY TRIAL OF 12 DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, Robert Binner, by and through his undersigned counsel, who hereby submits this Complaint and states the following:

## PARTIES

1. Plaintiff, Robert Binner ("Mr. Binner"), is an individual residing at 49 Penn St., Port Clinton, Schuylkill County, Pennsylvania 19549.

2. Defendant, Stewart Transfer, Ltd., ("Stewart Transfer") is a Canadian corporation with its principal place of business at 1055 Riverside Drive, Perth-Andover, New Brunswick, Canada E7H5G3.

3. Defendant, Sarvan Singh ("Defendant Singh") is a resident of Canada with a last-known address of 1057 West Riverside Drive, Perth-Andover, New Brunswick, Canada E7H5G3.

4. Defendant, Stewart Transfer, is a Canadian company located outside the United States and Defendant Singh resides outside of the United States, and thus, with the amount in controversy, diversity exists.

## JURISDICTION AND VENUE

5. Subject-matter jurisdiction of this Court is competent under 28 U.S.C. § 1332(a), by virtue of diversity of citizens of different countries and where the amount in controversy exceeds

1

$75,000, exclusive of interest and costs. Plaintiff is a citizen of Pennsylvania and Defendants are residents of Canada.

6. Venue lies in the Middle District of Pennsylvania under 28 U.S.C. §1391(b)(2), where the motor vehicle accident giving rise to this claim occurred and where the Plaintiff resided at the time of the accident and where the Plaintiff presently resides.

### JURY DEMAND

7. Plaintiff demands trial by jury on all issues.

### FACTS AND BACKGROUND

8. In the afternoon of July 20, 2021 at 5:31 Mr. Binner was the owner and operator of a 2017 KIA-FRT with a Pennsylvania registration of HYV9634.

9. Upon information and belief and all times relevant hereto, Defendant Singh was the operator of a 2019 VOLV-GLT Tractor Trailer, owned by Stewart Transfer, with a license plate number of VNL760 registered in New Brunswick, Canada.

10. The actions of Defendant Singh alleged herein were done within the course and scope of his duties as agent, employee and authorized representative of defendant, Stewart Transfer.

11. Stewart Transfer is liable for such actions done by Mr. Singh by virtue of respondent superior.

12. Upon information and belief and all times relevant hereto, Mr. Binner was traveling north on Interstate 81 in East Hanover Township, Lebanon County, Pennsylvania, when he slowed with traffic flow that had backed up due to congestion in the northbound lanes.

13. Upon information and belief and all times relevant hereto, Mr. Singh was traveling directly behind Mr. Binner's vehicle in the northbound lanes of Interstate 81 when he negligently failed to slow his large truck and crashed at a high rate of speed into the rear of Mr. Binner's sedan-style

vehicle, destroying the vehicle and causing serious injury to Mr. Binner.

14. Upon information and belief and all times relevant hereto, there was no third-party action that contributed to the cause of this crash – i.e., it was caused solely by the acts of the defendants.

15. The crash was the direct and proximate cause of the following:

   a. Physical injuries to Mr. Binner, including his cervical spine, lumbar spine, right leg, both hips and head;
   b. Cervical disc protrusion
   c. Cervical sprain and strain;
   d. Whiplash
   e. Right hip contusion with Morel-Lavallee lesion;
   f. Lumbar sprain and strain;
   g. Injury to the right hip with labral tear.
   h. Deformity of his right leg;
   i. Inconvenience, loss of life's pleasures and discomfort to Mr. Binner;
   j. Loss of future earning capacity; and
   k. Out of pocket expenses, including lost wages.

16. Mr. Binner received medical treatment for his injuries.

17. These effects upon Mr. Binner were directly and proximately caused by the crash and caused significant inconvenience and discomfort to Mr. Binner.

18. As a result of the injuries Mr. Binner suffered through no fault of his own, he has experienced significant pain and suffering as well as permanent disfigurement to his right leg and will endure the same for an indefinite time in the future.

## COUNT 1 – NEGLIGENCE
### Robert Binner v. Sarvan Singh

19. Plaintiff hereby incorporates by reference each and every one of the averments contained in the above paragraphs as though the same were set forth herein at length.

20. Mr. Singh had a duty to exercise reasonable care in the operation of his motor vehicle and to abide by the applicable laws and statues, including those set forth and referenced in the Pennsylvania Motor Vehicle Code.

21. Mr. Singh breached this duty in the following ways:

   a. following too close;

   b. failing to have his tractor trailer under sufficient control so as to avoid colliding with another vehicle upon the roadway;

   c. failing to operate and control his vehicle under the circumstances then existing;

   d. driving his vehicle carelessly; and

   e. failing to comply with provisions of the Pennsylvania Motor Vehicle Code regulating the operation of a motor vehicle.

22. The aforesaid conduct of Mr. Singh was the direct and proximate cause of the injuries sustained by Mr. Binner for which Mr. Binner is legally entitled to recover under Pennsylvania law.

   WHEREFORE, Plaintiff Robert Binner hereby respectfully requests that this Honorable Court enter judgment in his favor and against the Defendant, Sarvan Singh, in an amount in excess of $75,000 plus interest, costs, delay damages and any such further relief as this Court deems fit and just.

## COUNT II – NEGLIGENCE
### Robert Binner v. Stewart Transfer, Ltd.

23. Plaintiff hereby incorporates by reference each and every one of the averments contained in the above paragraphs as though the same were set forth herein at length.

24. Mr. Singh acted for and on behalf of Stewart Transfer, Ltd. as an agent, servant, workman and/or assignee of Stewart Transfer and is held out as such.

25. At all times material hereto, Mr. Singh was acting within the course and scope of his relationship with Stewart Transfer and/or under the charge, direction and control of Stewart Transfer and, as such, acted as the agent, servant, employee workman and/or assignee of Stewart Transfer.

26. Stewart Transfer is vicariously liable and/or liable under a theory of respondent superior.

27. As a direct and proximate result of the concurrent negligence of the Defendants as more fully set forth herein, Plaintiff suffered the injuries and damages more fully set forth herein.

WHEREFORE, Plaintiff Robert Binner demands that judgment be entered in his favor and against Defendant, Stewart Transfer, Ltd., in an amount in excess of $75,000, as well as costs of this suit.

Respectfully submitted

**CORNERSTONE LAW FIRM, LLC**

Dated: 1/6/2023       By:   */s/ Joel A. Ready*
Joel A. Ready, Esquire
Attorney I.D. #321966
8500 Allentown Pike,
Suite 3
Blandon, PA 19510
(610) 926-7875
joel@cornerstonelaw.us
*Counsel for Plaintiff*